[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The defendant, whose maiden name was Shea, and the plaintiff intermarried at North Stonington, Connecticut on September 7, 1974; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that there were no other minor children born to the defendant since the date of the marriage of the parties; that the marriage has broken down irretrievably; that there is no hope of reconciliation and that no state agency is presently contributing to the care or welfare of the parties. The parties had two children, issue of the CT Page 7678
The parties separated during July 1998 when the plaintiff left the marital home and moved in with his mother. The plaintiff would have been willing to reconcile with the defendant but evidently she was unwilling to do so.
Neither party testified as to any cause for the breakdown of the marriage. They both agreed, however, that the marriage was broken down irretrievably. Accordingly, the court finds that each party contributed equally to the breakdown of their marriage.
The parties have also stipulated to how most of their marital assets should be distributed. Their main point of disagreement is as to the fair market value of the marital home located at 159 Farmholme Road, Pawcatuck Connecticut (see Plaintiff's Exhibit D) and how much of the equity the plaintiff shall be entitled to. Plaintiff also seeks from the defendant $2,926.34 for defendant's share of payments plaintiff made between November 1998 and October 1999 which benefitted [benefited] the defendant. (See Plaintiff's Exhibit K.)
Plaintiff's appraiser valued Farmholme Road at $200,000.00. (See Plaintiff's Exhibits G and H.) The defendant's appraiser valued the property at $135,000.00. (See Plaintiff's Exhibit J.)
In 1994 the appraiser for the town of Pawcatuck valued the property for tax purposes at $172,330.00 and assessed it at 70% of the market value, $120,630.00. (See Plaintiff's Exhibit J.)
After examining Plaintiff's Exhibits G, H and I, the comparable sales on all exhibits and Defendant's Exhibits 1 through 9, the court concludes that the value placed on the property by the assessor for the town of Pawcatuck is more in line with the present market value of the property than those of the appraisers who testified minus some amount for the poor condition the property is now in. Accordingly, the court finds the fair market value of said property to be $165,000.00. Said property is subject to liens of $13,000.00.
During the marriage the plaintiff received an undivided one-half interest in 16 West Street, Westerly, Rhode Island from his mother. Presently said one-half interest is valued at $67,500.00.
The plaintiff has a retirement plan at Electric Boat valued presently at $9,368.00, a Connecticut Community Credit Union checking account of $1,000.00 and a 1987 Toyota Camry valued at $1,000.00.
The defendant has three credit union accounts totaling $1,926.00; an CT Page 7679 Agway Thrift Plan valued at $50,652.00; an IRA valued at $1,800.00 and a 2000 Chevrolet with no value because of a $14,500.00 loan on said automobile.
Presently both parties have approximately the same net weekly income from their employment. (Plaintiff's Exhibits E and F.)
After considering Connecticut General Statutes §§ 46b-62, 66a, 81 and 82 and the parties' stipulation (Plaintiff's Exhibits A and D), and in light of the evidence and my findings, judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown.
It is therefore ordered:
1. No alimony is awarded to either party.
2. The plaintiff shall own, without any claim from the defendant, his undivided one-half interest in 16 West Street, Westerly, Rhode Island.
3. The plaintiff shall transfer all of his interest in 159 Farmholme Road, Pawcatuck, Connecticut to the defendant within 60 days. She shall assume and agree to pay all present liens on said property including all expenses of ownership. At the time the plaintiff transfers his interest in said 159 Farmholme Road to the defendant, she shall issue to the plaintiff a promissory note in the sum of $30,000.00 with interest at 6% per annum, said interest and principal payable on or before July 1, 2001. Said note is to be secured by a mortgage on said property, which mortgage shall contain the usual covenants.
4. The defendant shall transfer to the plaintiff by way of a Qualified Domestic Relations Order $32,500.00 from her Agway Thrift Savings and Investment Plan by way of a Qualified Domestic Relations Order or by other means to avoid any tax to either party. Further, the defendant shall transfer to the plaintiff any interest she may have in a Metropolitan Life Insurance policy, which presently has a cash value of approximately $3,500.00.
If the defendant prefers to keep her entire Agway Thrift Plan, she may elect to increase the promissory note provided for the plaintiff in paragraph 3 herein to the sum of $62,500.00 with said interest and payment date as is provided for in said paragraph 3.
5. Each party shall retain the IRA presently in their individual names.
6. The plaintiff shall keep, free of any claim from the defendant, his Electric Boat pension. CT Page 7680
7. The defendant shall keep, free of any claim by the plaintiff, the credit union accounts, and the Connecticut Community Credit Union Checking account listed on her financial affidavit.
8. Each party shall keep, as their own, the automobile listed on their respective financial affidavits subject to any loans thereon and hold the other harmless from said loans.
9. Each party shall retain other property presently in their possession free of any claims from the other, except that the plaintiff shall have his tools other than his tools presently in the defendant's possession.
10. Each party shall be responsible for the debts listed on their respective financial affidavits.
11. No contribution from the defendant to the plaintiff is ordered for the plaintiff's expenditures listed in Plaintiff's Exhibit K.
12. Each party shall pay their own attorney's fees.
Vasington, JTR